IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WANAMAKER,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF MARIN, SHELLY NELSON, MICHAEL FROST, CRAIG TACKABERY, and DOES 1–20, inclusive,<br><br>    Defendants.<br>_____ / | No. C 15-04058 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

**INTRODUCTION**

In this sexual harassment action, defendants move for partial judgment on the pleadings as to two of the individual defendants and as to the claim for negligent hiring, supervision, and retention against the County of Marin. For the reasons stated herein, defendants' motion is **GRANTED.**

**STATEMENT**

The following well-pled facts are assumed to be true for purposes of the present motion. From 2006 through 2014, plaintiff experienced repeated unwanted sexual advances by defendant Shelly Nelson, who was his supervisor. Defendant Nelson repeatedly used vulgar language and touched plaintiff on his back, shoulder, arms, and chest. She repeatedly attempted to sit too close to him and touch his thigh. She also repeatedly exposed her chest by wearing low-cut clothing. This conduct continued despite plaintiff's complaints to various higher-ups,

including defendants Michael Frost and Craig Tackabery, who were both Deputy Directors in Public Works (Compl. ¶¶ 19–60).

On September 4, 2015, plaintiff filed this action against defendants Nelson, Frost, Tackabery, and the County of Marin asserting 15 claims, including claims for sexual harassment, discrimination, retaliation, and negligent hiring, supervision, and retention, amount others. Defendants now move for judgment on the pleadings as to defendants Frost and Tackabery. Defendants also move for judgment on the pleadings as to the claim for negligent hiring, supervision, and retention against the County. Defendants do not move for judgment on the pleadings as to the remaining claims against defendant Nelson and the County. Plaintiff asks for dismissal without prejudice of defendants Frost and Tackabery.

## ANALYSIS

Our court of appeals has held that "[j]udgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012). Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. *Ibid.*

**1.   CLAIMS AGAINST DEFENDANTS CRAIG TACKABERY AND MICHAEL FROST.**

Plaintiff's complaint asserts 15 claims, some against defendant Shelly Nelson and others against the County of Marin. None of those claims are asserted against defendants Craig Tackabery and Michael Frost. Defendants' motion for judgment on the pleadings as to defendants Tackabery and Frost is therefore **GRANTED**. Plaintiff's voluntary dismissal against these defendants is **DENIED AS MOOT**.

**2.   CLAIMS FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION.**

Under the California Government Claims Act, a public entity is not liable for injury for common law claims "except as otherwise provided by statute." Section 815(a); *see Miklosy v.*

*Regents of University of California,* 44 Cal. 4th 876, 899 (2008). Therefore, a claim against a public entity like the county must allege a statutory basis for liability.

Plaintiff asserts two theories of liability on the part of the County — direct liability and vicarious liability. For the reasons discussed below, both theories fail.

### A.   Direct Liability.

In *de Villers v. Cty. of San Diego*, the California Court of Appeal held that a direct claim against a governmental entity asserting negligent hiring and supervision must be grounded in a breach of a statutorily imposed duty owed by the entity to the injured party. *de Villers v. Cty. of San Diego*, 156 Cal. App. 4th 238, 255-56 (2007). The court noted that "[w]e find no relevant case law approving a claim for direct liability based on a public entity's allegedly negligent hiring and supervision practices." *Id.* at 252.

Plaintiff argues that Civil Code Section 1714 provides a statutory basis for direct liability by the County. The California Supreme Court has concluded, however, that Section 1714 is "an insufficient statutory basis for imposing direct liability on public agencies." *Eastburn v. Regional Fire Protection Authority*, 31 Cal. 4th 1175, 1180 (2003). At the hearing, plaintiff's counsel conceded that Section 1714 is not applicable here. Plaintiff therefore fails to allege a basis for direct liability.

### B.   Vicarious Liability.

Plaintiff next argues that the County is vicariously liable for the negligence of defendants Tackabery and Frost in their supervision of defendant Nelson. Under Section 815.2, a public entity is liable for injury caused by an act or omission of an employee within the scope of his or her employment if the act or omission would give rise to a cause of action against that employee. Plaintiff's theory for vicarious liability under Section 815.2 therefore rests on whether defendants Tackabery or Frost could themselves be liable for negligent supervision of Defendant Nelson.

Plaintiff fails to show that defendants Tackabery or Frost could be individually liable for negligent supervision of Defendant Nelson. The California Supreme Court has held that individual employees cannot be liable to third parties for negligent hiring, retention, or

supervision in the absence of a "special relationship." *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 869 (2012). The situation here is quite different from the circumstances in which California courts have found the existence of a "special relationship." In *C.A. v. William S. Hart Union High School District*, the court held that school administrators could be individually liable for their negligence in the hiring, supervision, and retention of a school employee who sexually harassed and abused a student. The court grounded its holding in the "special relationship" between administrators and their students, which the court analogized to that between parents and their children. *Id.* at 869.

At the hearing, plaintiff's counsel argued that a special relationship exists between employees and employers such that liability should attach here as in the school context. This argument fails. The relevant question is not whether plaintiff had a special relationship with his employer (the County), but whether he had a special relationship with defendants Frost and Tackabery. Plaintiff alleges no special relationship with defendants Frost and Tackabery such that liability could attach. Moreover, plaintiff cites to no authority that relationships in the employment context are akin to the relationships between school administrators and their students.

Plaintiff has failed to identify a statutory basis for his negligence claim against the County. As such, defendants' motion for judgment on the pleadings as to the claim for negligent hiring, supervision, and retention against the County is **GRANTED**.

## CONCLUSION

For the reasons stated herein, defendants' motion for judgment on the pleadings as to defendants Tackabery and Frost is **GRANTED**. Defendants' motion for judgment on the pleadings as to the claim for negligent hiring, supervision, and retention against the County is **GRANTED**. Plaintiff's voluntary dismissal of defendants Tackabery and Frost is **DENIED AS MOOT**. The remaining claims against the County and defendant Nelson are not affected by this order.

Plaintiff may seek leave to amend the complaint and will have until **JUNE 30, 2016 AT NOON**, to file a motion, noticed on the normal 35–day calendar, for leave to file an amended

4

complaint. A proposed amended complaint must be appended to this motion. Plaintiff should plead his best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes.

**IT IS SO ORDERED.**

Dated: June 9, 2016. 

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE